The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Alfredo HERNANDEZ, Jr.,
Defendant–Appellant.

No. 05CA1048.

Colorado Court of Appeals,
Div. VI.

Jan. 25, 2007.

John W. Suthers, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Rebecca R. Freyre, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Alfredo Hernandez, Jr., appeals the trial court's order that he undergo sex offender treatment as a condition of his sentence to probation. We affirm.

In exchange for a two-year probationary sentence with no jail time and the dismissal of another drug charge, defendant pleaded guilty to possession of a schedule II controlled substance. Based on defendant's prior conviction for a sexual offense and the recommendation of a sexual offense specific evaluation, the trial court ordered defendant to undergo sex offender treatment as a condition of his probation.

On appeal, defendant contends the trial court erred when it imposed treatment as a condition of probation because the court did not conclude that such treatment was necessary to his rehabilitation, but rather concluded that it was mandated by § 16–11.7–105(1), C.R.S.2006. We disagree.

## I.

At sentencing, defendant asked the court to sentence him in accordance with the plea agreement and specifically asked the court to find that offense specific treatment was not a necessary condition of probation. The prosecution argued that § 16–11.7–105(1) mandated such treatment.

The court ruled that the statute mandated treatment. It noted that defendant's sex offense twenty–two years earlier, the attitude defendant conveyed to the probation officer about that offense, and defendant's continued substance abuse would support the propriety of ordering treatment. However, it stated that, if requiring treatment were a matter within its discretion, it had not determined whether it would order treatment as an exercise of its discretion. The court then sentenced defendant to two years probation conditioned on, among other things, sex offender treatment.

## II.

The proper construction of a statute is a question of law that we review de novo. *People v. Manzo,* 144 P.3d 551 (Colo.2006).

When interpreting statutory language, we give words and phrases their plain and ordinary meaning, read them in context, and "construe them literally according to common usage unless they have acquired a technical meaning by legislative definition." *Klinger v. Adams County Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo.2006); *see Carlson v. Ferris,* 85 P.3d 504 (Colo.2003). We must read and consider a statute as a whole "to give consistent, harmonious, and sensible effect to all of its parts." *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 130 (Colo.2005)(quoting *Thurman v. Tafoya,* 895 P.2d 1050, 1055 (Colo.1995)). We may not adopt a construction that renders any word superfluous. Although not dispositive, we may also consider the title of a statute in construing the statute's meaning. *People v. Madden,* 111 P.3d 452, 457 (Colo. 2005). When the plain language of a statute is free from ambiguity, other rules of statutory construction are unnecessary. *Kinder v. Indus. Claim Appeals Office,* 976 P.2d 295 (Colo.App.1998); *Spanish Peaks Mental Health Ctr. v. Huffaker,* 928 P.2d 741 (Colo. App.1996).

## III.

Defendant contends that the plain language of § 16–11.7–105(1) "requires the exercise of discretion and presumes that if

. treatment is not appropriate for a particular offender ... the court need not order it." The People argue that the statute mandates treatment. We agree with the People.

In an attempt to curtail recidivism and protect both past and potential future victims, the General Assembly enacted article 11.7 to provide a standardized program for evaluating, identifying, treating, and continually monitoring sex offenders who are subject to the criminal justice system. *See* § 16–11.7–101, C.R.S.2006.

Section 16–11.7–105 is entitled "Sentencing of sex offenders—treatment based upon evaluation and identification *required* " (emphasis added). In pertinent part, § 16–11.7–105(1) states:

> Each sex offender sentenced by the court for an offense committed on or after January 1, 1994, shall be required, as a part of any sentence to probation, community corrections, or incarceration with the department of corrections, to undergo treatment to the extent appropriate to such offender based upon the recommendations of the evaluation and identification made pursuant to section 16–11.7–104, or based on any subsequent recommendations

> . . . .

Section 18–1.3–202(1), C.R.S.2006, grants trial courts the power to order probation upon such terms and conditions as they deem best "[w]hen it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby."

Section 18–1.3–204, C.R.S.2006, which addresses conditions of probation, *requires* that a trial court provide as an explicit condition of every sentence to probation that the defendant comply with orders regarding the treatment of sex offenders that the court issues pursuant to title 16, article 11.7. Section 18–1.3–204 states:

> (1) The conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law–abiding life and to assist the defendant in doing so. The court shall provide as explicit conditions of every sentence to probation ... that the defendant comply with any court orders regarding the treatment of sex offenders issued pursuant to article 11.7 of title 16, C.R.S....

> (2) (a) When granting probation, the court may, as a condition of probation, require that the defendant:

> . . .

> (XV) Satisfy any other conditions reasonably related to the defendant's rehabilitation and the purposes of probation.

Giving the words and phrases of § 16–11.7–105(1) their plain meaning, reading them in the context of provisions in titles 16 and 18 related to sex offenders and probation, ensuring that no words or phrases are rendered superfluous, and considering the section's title, we conclude that § 16–11.7–105(1) requires trial courts to order treatment as part of every probationary sentence imposed on sex offenders.

We reject defendant's assertion that § 16–11.7–105(1) requires a sentencing court to consider the extent to which offense specific treatment is appropriate and to order only appropriate treatment. The phrase "shall be required, as a part of any sentence to probation ... to undergo treatment to the extent appropriate to such offender based upon the recommendations of the evaluation and identification made pursuant to section 16–11.7–104, or based upon any subsequent recommendations" does not grant the trial court discretion to determine whether to order treatment or whether treatment is appropriate.

The phrase "shall be required" plainly mandates that, as part of any sentence to probation, the trial court must require the defendant to undergo treatment. The word "shall" is the antithesis of a grant of discretion, and, therefore, we conclude that the statute does not give trial courts any discretion. *See People v. Guenther,* 740 P.2d 971, 975 (Colo.1987). Accordingly, we conclude that this provision requires a trial court to order that a sex offender must undergo treatment appropriate to the offender. Upon entry of such an order, the nature and extent of the mandated treatment is based on the recommendations of the evaluation and iden-

tification made pursuant to § 16–11.7–104, C.R.S.2006, or based on subsequent recommendations, as pertinent to conditions of probation, by the judicial branch division of probation services.

Defendant concedes that he is a sex offender for purposes of § 16–11.7–105(1) because his current offense was committed after January 1, 1994 and he was previously convicted of a sexual offense. *See* § 16–1.7–102(2)(a)(II), C.R.S.2006. Defendant also concedes that the trial court properly ordered a sex offender evaluation as part of his presentence investigation because he was a sex offender being considered for probation. *See* § 16–11.7–104(1), C.R.S.2006.

That evaluation recommended further sex offender treatment for defendant. The evaluator opined that defendant had "significant aggravating risk factors" and that his overall risk to reoffend was in the moderate to high range. The evaluator then made a number of specific recommendations regarding the extent of treatment that would be appropriate for defendant.

Therefore, we conclude that the trial court did not err when it concluded that § 16–11.7–105 required it to order treatment as a condition of defendant's probation, or when it ordered such treatment.

Accordingly, the sentence is affirmed.

Judge WEBB and Judge J. JONES concur.