**Alfredo HERNANDEZ, Jr., Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 07SC133.**

Supreme Court of Colorado,
En Banc.

Jan. 14, 2008.

Rehearing Denied Feb. 4, 2008.[*]

---

\* Justice Martinez and Justice Bender would grant the Petition.

Douglas K. Wilson, Colorado State Public Defender, Rebecca R. Freyre, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari in *People v. Hernandez, Jr.*, 160 P.3d 263 (Colo.App.2007), to

determine whether section 16–11.7–105(1), C.R.S. (2007), always requires a sentencing court to impose sex offender treatment as a condition of probation when a defendant previously convicted for a sex offense commits a subsequent offense that is not a sex offense.[1] The court of appeals' opinion appears to construe this statutory provision as requiring "trial courts to order treatment as part of every probationary sentence imposed on sex offenders" in all cases, even those in which the sex offender evaluation does not recommend treatment. *Hernandez*, 160 P.3d at 265.

Despite this apparent construction of the statute, the court of appeals specifically referenced the substance of the evaluation report in this case, and its specific recommendations for treatment appropriate for Hernandez, concluding that the sentencing court did not err in imposing sex offender treatment as a condition of Hernandez's sentence to probation. The court of appeals stated:

> That evaluation recommended further sex offender treatment for defendant. The evaluator opined that defendant had "significant risk factors" and that his overall risk to reoffend was in the moderate to high range. The evaluator then made a number of specific recommendations regarding the extent of treatment that would be appropriate for defendant.

*Id.* at 266.

To the extent that the court of appeals construed the statute to eliminate the trial court's discretion not to impose sex offender treatment, when the facts of the case and the recommendations of the evaluation do not support treatment, we disapprove of such a construction of the statute. We hold that section 16–11.7–105(1) does not always require a sentencing court to impose sex offender treatment as a condition of probation when a sex offender commits a subsequent offense of any kind. When the recommendations of the sex offender evaluation and the

facts of the case do not support the need for sex offender treatment, a sentencing court is not required to order treatment.

On the other hand, when the sex offender evaluation and recommendations and the facts of the case support the need for sex offender treatment, the sentencing court's discretion is tightly constrained. Here, the sentencing court imposed sex offender treatment as a condition of Hernandez's probation. In accordance with section 16–11.7–105(1), that sentence is supported by the sex offender evaluation report and recommendations as well as the facts of this case. Thus, we reject Hernandez's contention that the trial court in this case had authority not to impose sex offender treatment as a condition of his probation, given the evaluation report and the facts of this case. To the extent that the court of appeals posited its judgment affirming Hernandez's sentence on this basis, we agree with its judgment. Section 16–11.7–105(1) requires a defendant to undergo treatment to the extent appropriate based upon the recommendations of the evaluation and the identification of the defendant as a sex offender.

Accordingly, we uphold the judgment of the court of appeals, affirming Hernandez's sentence under section 16–11.7–105(1).

## I.

On June 5, 1984, Hernandez was convicted by a jury of attempted second degree sexual assault.[2] The facts of that case are that Hernandez assaulted a woman in the restroom of a bar by pushing her against the back of a toilet, pinning her against the wall, and forcing his fingers into her vagina.

On December 23, 2003, Hernandez was arrested and charged with possession of a schedule two controlled substance and introduction of contraband into a detention facility. He and the prosecution reached a plea agreement in which the prosecutor agreed to dismiss the introducing contraband charge in

1. We granted certiorari on the following issue: Whether section 16–11.7–105(1), C.R.S. (2006) mandates sex offender treatment as a condition of probation in all cases or whether a sentencing court has discretion to order treat-

ment "to the extent appropriate to such offender."

2. § 18–3–403, C.R.S. (1984) (repealed 2000); § 18–2–101, C.R.S. (1984).

exchange for Hernandez's plea of guilty to the possession charge. He pled guilty to possession of less than one gram of a schedule two controlled substance. The plea agreement included a stipulation that Hernandez would not receive jail time, but would serve two years of probation.

The trial court initially set sentencing for September 14, 2004. However, Hernandez refused to submit to a sex offender evaluation as part of his pre-sentence investigation. He contended that a sex offender evaluation was unnecessary because his conviction for attempted sexual assault had occurred two decades earlier. The court ordered him to complete the evaluation.[3] On advice from counsel, he submitted to the evaluation.

The evaluation report set forth facts and contained recommendations for sex offender treatment. After administering a number of tests to Hernandez, the evaluator found that the Penile Plethysmograph results demonstrated arousal "just below the established level of significance to the segments depicting a Female Adult in a Coercive Sexual Situation (middle 20th percentile range) and Female Teen in a Coercive Sexual Situation (lower 20th percentile range)." These responses were significantly higher than responses Hernandez demonstrated to other segments of the assessment. The evaluator observed that Hernandez did not demonstrate "significant arousal to the segments depicting a male and female adult in a consenting sexual situation." Additionally, he had a significant score on the Hare Psychopathy Checklist. The checklist results indicated that Hernandez "possesses a moderate level of psychopathic/antisocial traits."

The evaluator found that Hernandez's results for the Sexual Adjustment Inventory (SAI) were invalid because "he deliberately minimized sex-related and non sex-related problems and concerns or is reading impaired." According to the evaluation report, the SAI is "designed to identify sexually deviate and paraphilic behavior in people accused or convicted of sexual offenses. It has been standardized on thousands of offenders, and includes sexual deviance and commonly associated problematic behaviors, attitudes, substance abuse, and behavioral disorder screens."

The evaluator reported that Hernandez's "amenability to treatment is poor" and that he "fully denies committing his sexual offense, lacks victim empathy, lacks motivation to engage in offense-specific treatment, has a history of failure on conditional release (Probation), denies having a substance abuse problem, and has an extensive criminal history involving violent offenses."

The evaluator concluded that "the defendant does not appear to be a realistic candidate for being treated in a community-based setting at this time." Instead, the evaluator recommended he be placed in a setting with a "high level of containment and monitoring."

Of particular concern to the evaluator was that Hernandez demonstrated a high level of denial of the former offense, exhibited by his initial refusal to consent to the evaluation, his failure to attend appointments for the evaluation after having consented to it, and the results of the evaluation itself. The evaluator rated Hernandez as being at high risk for a repeat sexual offense based upon his: (1) denying having sexually assaulted the previous victim; (2) taking no responsibility for possessing cocaine in his most recent offense; (3) exhibiting defensiveness throughout the evaluation process; (4) lacking victim empathy; (5) lacking motivation to engage in offense specific treatment; (6) having previously used coercive force against a female adult victim and registering arousal levels to a female adult and a female teen in a coercive sexual situation, in comparison to a consensual sexual male/female adult encounter, during the assessment; and (7) having a considerable substance abuse history.

Accordingly, the evaluator recommended that Hernandez be committed to the Department of Corrections where he could obtain treatment at a time when he would be more amendable to successful treatment. However, the evaluator also recommended a num-

---

3. Section 16–11.7–104(1), C.R.S. (2007), states, "On and after January 1, 1994, each sex offender who is to be considered for probation shall be required, as part of the presentence or probation investigation ... to submit to an evaluation for treatment...."

ber of provisions for sex offender treatment that would be appropriate as conditions of probation should the court determine to place him on probation.

At the sentencing hearing, the prosecutor argued that the "gist" of the evaluation report was that Hernandez still needed treatment. Hernandez continued to resist treatment as a condition of probation. He argued that the sentencing court, as the final arbiter of the terms of any probation sentence, had absolute discretion not to order treatment.

In the course of imposing treatment conditions in its probation order, the trial court referred to Hernandez's sex offender evaluation and facts of the case that supported the imposition of treatment conditions. In this context, the court stated its view that it lacked discretion not to impose treatment conditions:

> Well, I do believe it's mandatory and I'm looking at their case and trying to decide if, honestly, I believe that in my discretion, I would impose an offense specific evaluation (sic, offense specific treatment?). And I will tell you two things that lead me to think that I might is the combination of the facts of the sex offense back in 1983 coupled with this Defendant's attitude about that to the probation officer, and his continued substance abuse since that time. Those three factors kind of lead me potentially to a discretionary decision to include an offense specific treatment, but I can't say I've reached the level where I feel, as a discretionary matter, that I would do it. So I'm making a specific finding that it's not as a matter of my discretion in this case, instead, I feel it's mandatory and I think that's a sufficient finding, Mr. Pauly (Hernandez's attorney), for you, then, to, if you wish, to file an appeal, that that will allow you to do so.

The court invited Hernandez to file a motion for reconsideration of that part of the sentence requiring sex offender treatment as a condition of probation. The trial court directed Hernandez to support such a motion with "specific authority telling [the court] why it is not mandatory." On April 13, 2005, Hernandez filed his motion for reconsideration, contending that the trial court had abso-

lute discretion to dispense with sex offender treatment because trial courts have wide discretion to impose conditions of probation. On July 14, 2005, the prosecution filed its response, pointing out that Hernandez's sex offender evaluation determined that he was at high risk "for re-offense in the following ten categories:

1) level of denial;

2) level of accountability;

3) level of defensiveness;

4) victim empathy;

5) motivation to engage in offense-specific treatment;

6) deviant sexual arousal patterns/interests (noting defendant's response to segments of the evaluation pertaining to female adults and teens in a coercive sexual situation);

7) history of violent or aggressive behavior;

8) criminal history;

9) failure to comply with prior supervision; and

10) substance abuse history."

The prosecution then argued that pursuant to section 16–11.7–105(1), the trial court lacked discretion not to impose sex offender treatment when the evaluation, as here, recommends treatment based on the facts of the case.

On July 18, 2005, the trial court denied Hernandez's motion for reconsideration of sentence and request to dispense with condition 16 of the conditions for his probation, which reads:

> You shall attend and actively participate in a sex offender evaluation and treatment program approved by the probation officer. You will abide by the rules of the treatment program, and the treatment contract and will successfully complete the program to the satisfaction of the probation officer and the treatment provider.

In its order denying Hernandez's motion, the trial court ruled that Hernandez had not justified his request for post-conviction relief, in that he had not provided "grounds, supporting facts [or] authorities" that justified striking the condition for sex offender treat-

ment. The trial court further stated, "In the instant case, the record made on the written Motion and Response are adequate for this Court to enter a ruling on the substance of the Motion. This court declines to reconsider its earlier sentence, and therefore DENIES Defendant's Motion."

The ensuing appellate argument has centered on the nature and extent of the trial court's discretion to impose or not to impose sex offender treatment, with Hernandez continuing to insist that the trial court was free under the facts of this case to dispense with the condition of probation requiring sex offender treatment.

The court of appeals' opinion contains a passage suggesting that sex offender treatment is always required when a defendant previously convicted of a sex offense commits any subsequent offense, but it also contains a passage suggesting that the evaluation report and the facts of this case support sex offender treatment as a condition of Hernandez's probation.

While we agree with Hernandez that the statute does not require that the trial court always order treatment, the evaluation report and recommendations, along with the facts of this case, support the sentence the trial court imposed on Hernandez.

## II.

To the extent that the court of appeals construed the statute to eliminate the trial court's discretion not to impose sex offender treatment, when the recommendations of the evaluation and the facts of the case do not support treatment, we disapprove of such a construction of the statute. We hold that section 16–11.7–105(1) does not always require a sentencing court to impose sex offender treatment as a condition of probation when a sex offender commits a subsequent offense of any kind. When the recommendations of the sex offender evaluation and the facts of the case do not support the need for sex offender treatment, a sentencing court is not required to order treatment.

On the other hand, when the sex offender evaluation and recommendations and the facts of the case support the need for sex

offender treatment, the sentencing court's discretion is tightly constrained. Here, the sentencing court imposed sex offender treatment as a condition of Hernandez's probation. In accordance with section 16–11.7–105(1), that sentence is supported by the sex offender evaluation report and recommendations as well as the facts of this case. Thus, we reject Hernandez's contention that the trial court had authority not to impose sex offender treatment as a condition of his probation given the evaluation report and the facts of this case. To the extent that the court of appeals posited its judgment affirming Hernandez's sentence on this basis, we agree with its judgment. Section 16–11.7–105(1) requires a defendant to undergo treatment to the extent appropriate based upon the recommendations of the evaluation and the identification of the defendant as a sex offender.

Accordingly, we uphold the judgment of the court of appeals, affirming Hernandez's sentence under section 16–11.7–105(1).

### A.

### Standard of Review

■ A lower court's statutory interpretation is a question of law we review de novo. *Gallegos v. Colo. Ground Water Comm'n*, 147 P.3d 20, 28 (Colo.2006). In interpreting a statute, we must determine and effectuate the intent of the General Assembly. *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo.2004). We strive to construe a statute as a whole, giving consistent, harmonious and sensible effect to all of its parts; we will not adopt an interpretation that leads to illogical or absurd results. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 593 (Colo.2005); *Frazier v. People*, 90 P.3d 807, 811 (Colo.2004).

■ If the plain language of the statute is clear and unambiguous, we interpret the statute according to its plain meaning. *Davison*, 84 P.3d at 1029. Where a statute is susceptible to more than one reasonable interpretation, it is ambiguous. *Vensor v. People*, 151 P.3d 1274, 1277 (Colo.2007). In such instances, we may look to various intrinsic

and extrinsic aids to statutory construction to determine legislative intent. *Id.; see also Frazier*, 90 P.3d at 811.

## B.

### Section 16–11.7–105(1) is Ambiguous

■ In analyzing this case, we observe that the prosecution argues for a construction of the statute that admits of no discretion in the trial court, while Hernandez argues for a construction that would always vest the trial court with discretion not to impose sex offender treatment if a defendant's subsequent offense is not a sex offense. Our analysis of the statutory language, reinforced by its legislative history, is that the trial court's discretion in cases such as this is tightly constrained. Imposition of sex offender treatment is mandatory in cases where, as here, the sex offender evaluation and the facts of the case support the need for treatment.

We first turn to whether the statutory language is ambiguous. Section 16–11.7–105(1), entitled "Sentencing of sex offenders—treatment based upon evaluation and identification required," provides:

> Each sex offender sentenced by the court for an offense committed on or after January 1, 1994, *shall be required, as a part of any sentence to probation,* community corrections, or incarceration with the department of corrections, *to undergo treatment to the extent appropriate to such offender based upon the recommendations of the evaluation and identification made pursuant to section 16–11.7–104,* or based upon any subsequent recommendations by the department of corrections, the judicial department, the department of human services, or the division of criminal justice of the department of public safety, whichever is appropriate.

(Emphasis added).

The term "sex offender" includes any person who is convicted on or after January 1, 1994, "of *any criminal offense,* if such person

has previously been convicted of a sex offense." § 16–11.7–102(2)(a)(II), C.R.S. (2007) (emphasis added). "Sex offense" includes an attempt to commit sexual assault in the second degree, as that offense was defined prior to July 1, 2000.[4] Having been convicted of a sex offense in 1984 and subsequently convicted in 2004 of possession of a controlled substance, Hernandez is a sex offender for purposes of section 16–11.7–105(1).

Section 16–11.7–105(1) states that sex offenders "shall be required" to undergo sex offender treatment as part of a sentence to probation "to the extent appropriate to such offender based on the recommendations of the evaluation." The tension in this statutory provision is obvious. Based on the "shall be required" language, the statute can be construed as always requiring sex offender treatment notwithstanding the facts of the case or the sex offender evaluation. However, the words "to the extent appropriate based on the recommendations of the evaluation" can be understood to mean that, if the facts of the case and the evaluation report and recommendations do not support the need for sex offender treatment, the sentencing court has discretion not to order treatment. Because both readings appear to be permissible, the provision is ambiguous and we turn to statutory construction aids to determine the legislature's intent.

## C.

### The Statute Tightly Constrains the Trial Court's Discretion

In resolving the statutory ambiguity, we now look to the statutory setting. Section 18–1.3–204, C.R.S. (2007), governs the conditions of probation generally, and specifically references the conditions of probation when a person is sentenced pursuant to section 16–11.7–105. Section 18–1.3–204(1) states, in relevant part:

> The *conditions of probation shall be such as the court in its discretion deems reasonably necessary* to ensure that the de-

---

**4.** Section 16–11.7–102(3) provides, in relevant part, "Sex offense means ... [s]exual assault in the second degree, in violation of section 18–3–403, C.R.S., as it existed prior to July 1, 2000 ...

[or] [c]riminal attempt, conspiracy or solicitation to commit any of the offenses specified in this subsection (3)." § 16–11.7–102(3)(b), (u).

fendant will lead a law-abiding life and to assist the defendant in doing so. The court *shall provide as explicit conditions of every sentence to probation ... that the defendant comply with any court orders regarding the treatment of sex offenders* issued pursuant to article 11.7 of title 16, C.R.S.

(Emphasis added).

There is no question that the General Assembly was aware of the broad discretion generally granted to courts to determine whether to grant probation and determine the conditions attending such a grant, and, therefore, chose to limit that discretion by requiring sex offender treatment as a condition of probation. This explains the adoption of section 16–11.7–105 and section 18–1.3–204 in tandem.[5] But, neither section addresses whether sex offender treatment is always required whenever a sex offender commits a subsequent offense of any kind.

Often the best guide to determining legislative intent is the General Assembly's declaration accompanying the statute. Section 16–11.7–105 is one of several provisions of title 16, article 11.7 of the Code of Criminal Procedure, which is entitled "Standardized Treatment Program for Sex Offenders." The legislative declaration of article 11.7 states that the article's purpose is to create "a program which standardizes the evaluation, identification, treatment, and continued monitoring of sex offenders at each stage of the criminal justice system" in order to curtail recidivism among sex offenders and protect victims and potential victims. § 16–11.7–101, C.R.S. (2007). The legislative declaration further states that, in creating a standardized program for identifying, evaluating and treating sex offenders, the General Assembly recognizes that some sex offenders cannot or will not respond to treatment. *Id.*

While helpful in understanding the general goals of the act, the legislative declaration is likewise inconclusive as to whether sex offender treatment is always mandatory. Thus, we turn to the legislative history of the statute, which demonstrates that the General Assembly intended to accord sentencing courts tightly constrained discretion in sentencing prior sex offenders to probation when they commit a subsequent offense of any type.

Section 16–11.7–105 was proposed in H.B. 92–1021. The bill's sponsor, Representative Marlene Fish, presented H.B. 92–1021 to the House Judiciary Committee, stating that the findings of a Criminal Justice Commission task force revealed that there was no uniform system of management for sex offenders in the criminal justice system. *See Hearing on H.B. 92–1021 Before H. Judiciary Comm.*, 58th Gen. Assemb., 2d Reg. Sess. (Colo., Jan. 14, 1992 and Jan. 16, 1992) [hereinafter, *"H. Judiciary Comm. Hearing"*] (statement of Rep. Fish). She went on to state that the overall purpose of H.B. 92–1021 was to standardize the identification, evaluation, treatment and tracking of sex offenders. *See id.*

After Representative Fish read through the provisions of the bill, various supporters of the bill presented testimony in its favor. The Director of the Division of Criminal Justice emphasized the importance of reevaluating sex offenders who return to the criminal justice system upon the commission of any offense, in order to determine their risk of re-offending and their need for treatment. *See id.* (statement of Bill Woodard, Director of the Division of Criminal Justice).

As introduced, section 16–11.7–105, read:

Each sex offender sentenced by the court for an offense committed on or after July 1, 1993, *shall be required, as part of any sentence to probation,* community corrections, or incarceration with the department of corrections *to undergo treatment which is appropriate to such person* based upon the recommendations of the evaluation and identification made pursuant to section 16–11.7–104, or based upon any subsequent recommendation. . . .

---

5. *See* H.B. 1021, 58th Gen. Assemb., 2d Reg. Sess. (Colo.1992); *see also* 16–11–204, C.R.S. (1992), *repealed by* Act of June 7, 2002, ch. 318, § 1, 2002 Colo. Sess. Laws 1385 (relocating statute governing conditions of probation and certain other existing criminal statutes to a new article 1.3 in title 18).

H.B. 1021, 58th Gen. Assemb., 2d Reg. Sess. (Colo.1992) (emphasis added).

One Judiciary Committee member expressed concern about the "shall be required" language of the section. Noting that the term "sex offender" was applicable to a large class of people, and the bill required sex offenders to undergo treatment upon conviction for any offense, this member questioned whether the proposed language of section 16–11.7–105 was too broad. *H. Judiciary Comm. Hearing* (statement of Rep. Knox).

In response, the Director of the Division of Criminal Justice testified that the proposed language of section 16–11.7–105 was "pretty broad" and should perhaps be changed to reflect the notion that treatment should be utilized "to the extent appropriate to that offender" and that "the extent appropriate to some offenders is not at all." *Id.* (statement of Bill Woodard, Director of the Division of Criminal Justice).

As the committee discussed the bill and possible changes to the proposed language, committee members continued to question the "shall be required" language. One member questioned whether it was appropriate to require treatment for every individual or whether "there are some individuals [for whom] it simply doesn't make sense," either because treatment is unlikely to work, due to the nature of the offender and the offense, or because an offender has "undergone some treatment and there really isn't a lot of purpose to additional treatment beyond that." *Id.* (statement of Rep. Knox). This member suggested that the bill's language be tailored to include flexibility to meet individual situations. *See id.*

In response to these concerns, Representative Fish stated that the bill was meant to include flexibility, stating that the bill only required treatment "based on the assessment. In other words, [the] assessment may show that treatment will not work, but if it does, if there is a feeling that [the offender] can be rehabilitated, then based on that assessment, it shall be required." *Id.* (statement of Rep. Fish).

Committee members suggested that the language of section 16–11.7–105 be altered to include clarifying language. *See id.* (statement of Rep. Knox). As a result, the "which is appropriate to such person" language was removed, and was replaced by the "to the extent appropriate to such offender" language. This change was made to clarify that "persons will undergo treatment only if it is appropriate to the person, and only to the extent appropriate to the person." *Id.* (statement of David Bergin, Attorney, Office of Legislative Legal Counsel).

This legislative history underscores the General Assembly's determination—as the statutory language itself states—that the trial court's sentence must address the assessment contained in the evaluation report and order treatment "to the extent appropriate to such offender based upon the recommendations of the evaluation." Indeed, the legislature's debate resulted in this clarifying adjustment to the bill as introduced. Therefore, the General Assembly anticipated cases in which section 16–11.7–105 is applied that do not require that a defendant undergo sex offender treatment.

Nevertheless, this is not one of those cases. The assessment contained in the evaluation report set forth facts, recommendations and two options for treatment: (1) sentence Hernandez to the Department of Corrections, where he could undergo sex offender treatment when he appeared to be more amenable to it, or; (2) place Hernandez on probation with a condition that he undergo sex offender treatment. The evaluator recommended against the latter, but also set forth facts supporting the need for treatment and, further, recommended treatment-specific conditions of probation should the court place Hernandez on probation.

The plea agreement did not and could not dispense with the evaluation requirement. Section 16–11.7–104 requires a person convicted of a prior sex offense to "submit to an evaluation for treatment, an evaluation for risk, procedures required for monitoring of behavior to protect victims and potential victims, and an identification" of a person as a sex offender. § 16–11.7–104(1), C.R.S. (2007). The identification of a person as a sex offender is made pursuant to section 16–11.7–

103(4)(a), which addresses development of standardized procedures for evaluating and identifying sex offenders. § 16–11.7–103(4)(a), C.R.S. (2007). The General Assembly intended these provisions, along with section 16–11.7–105, to require treatment to the extent appropriate to an offender, based on the recommendations of the evaluation.

We conclude that the trial court's discretion is tightly constrained when considering a prior sex offender's request not to have sex offender treatment imposed as a condition of probation when he or she commits a subsequent offense of any kind. In adopting the Standardized Treatment Program for Sex Offenders statutory scheme, the General Assembly created a sex offender management board and charged it with the responsibility of developing standardized assessment procedures, which the board must review and analyze for effectiveness, in order to "assist the sentencing court in determining the likelihood that an offender would commit (a sex offense)." § 16–11.7–103(4)(a), (c.5), (d)(I). One of these standardized assessments is the evaluation that all sex offenders are required to undergo if they are to be considered for probation by a sentencing court. § 16–11.7–104(1).

In this case, the evaluation contains the social, sexual, mental health, and criminal histories of Hernandez, the results from several psychological tests and evaluation instruments, and most significantly, a risk assessment evaluating Hernandez's risk to reoffend based on numerous factors. The evaluation concludes with recommendations concerning the specific manner in which treatment should be imposed.

The General Assembly intended that the standardized treatment program for sex offenders be implemented "based upon the knowledge that sex offenders are extremely habituated and that there is no known cure for the propensity to commit sex abuse." § 16–11.7–103(4)(a). Furthermore, the General Assembly mandated that the program utilize "methods of intervention for sex offenders which have as a priority the physical and psychological safety of victims and potential victims and which are appropriate to the offender, so long as there is no reduction

of the safety of victims and potential victims." *Id.* The trial court must be guided by the statutory scheme's legislative intent to curtail recidivistic behavior and enhance victim safety, with the recognition that sex offenders are extremely habituated. *See* § 16–11.7–101. The statutory scheme favors imposition of sex offender treatment as a condition of probation.

▪ Here, the sentencing court imposed sex offender treatment as a condition of Hernandez's probation. That sentence is supported by the sex offender evaluation report and recommendations as well as the facts of this case, in accordance with section 16–11.7–105(1). We reject Hernandez's contention that the trial court had authority not to impose sex offender treatment as a condition of his probation, given the evaluation report and the facts of this case.

To the extent that the court of appeals concluded that the trial court never has discretion to dispense with sex offender treatment when the defendant commits a subsequent offense of any kind, we disapprove of this construction of the statute. We nevertheless affirm the court of appeals' judgment upholding the sentence the trial court imposed on Hernandez.

### III.

Accordingly, we uphold the judgment of the court of appeals, affirming Hernandez's sentence under section 16–11.7–105(1).

Justice EID concurs in the judgment only.

Justice MARTINEZ dissents, and Justice BENDER joins in the dissent.

Justice EID, concurring in the judgment only.

The majority concludes that sex offender treatment is not a mandatory condition of probation under section 16–11.7–105(1), C.R.S. (2007). Yet the statute provides that "[e]ach sex offender ... *shall be required* ... to undergo treatment to the extent appropriate to such offender." § 16–11.7–105(1) (emphasis added). In my view, the statutory language requires that each sex offender undergo treatment as a condition of probation.

I therefore respectfully concur in the judgment only.

The majority recognizes that section 16–11.7–105(1) contains both mandatory (treatment "shall be required") and discretionary ("to the extent appropriate") language. Maj. op. at 752. According to the majority, this fact creates an ambiguity that must be resolved by an examination of the legislative history surrounding the statute—an examination that leads it to the conclusion that treatment is not required. *Id.* at 752–55. Yet the majority's resolution of this "ambiguity" gives effect only to the discretionary, not the mandatory, language. In my view, the better reading of the statute gives effect to both: The mandatory language requires sex offenders to undergo treatment as a condition of probation, and the discretionary language tailors that treatment to the needs of the particular offender. In other words, while treatment is mandatory, the "extent" of that treatment is discretionary.

The overall statutory scheme supports the conclusion that treatment is mandatory. For example, under section 16–11.7–103(4)(b), one of the "duties" of the sex offender management board is to:

> [D]evelop and implement guidelines and standards for a *system of programs* for the treatment of sex offenders *which can be utilized by offenders who are placed on probation* .... The programs developed ... shall be *as flexible as possible* so that such programs may be *utilized by each offender* to prevent the offender from harming victims and potential victims.

*Id.* (emphasis added). Thus, the statute requires the board to develop treatment programs that "can be utilized by offenders who are placed on probation." In addition, the statute gives the board the task of developing a wide array of programs so that there will be a program that "each offender" can "utilize"—one that is, in the language of section 16–11.7–105(1), "appropriate" to that offender. In sum, while the sentencing court has discretion under the statute to select a program that is "appropriate," it is required to select a program.

Moreover, even if one were to find legislative history helpful in performing statutory interpretation, which I do not,[1] the evidence cited by the majority in this case does not support its holding that treatment is discretionary. While there was some concern about the breadth of the "shall be required" language, maj. op. at 754, that language *was not removed from the statute.* Instead, the language stating that treatment "shall be required ... *which is appropriate to such person*" was changed to the current language, which is that treatment "shall be required ... *to the extent appropriate to such offender.*" *Id.* (emphasis added). In my view, the change from "which is appropriate to such person" to "to the extent appropriate to such offender" simply added emphasis to the fact that the treatment was to be tailored to the offender. Some participants in the legislative process may have *hoped* that they had changed the effect of the statutory language from mandatory to discretionary, but they did not succeed in doing so. The "shall be required" language remained in the final version of the legislation and remains there to this day.

The majority recognizes that "[t]he statutory scheme favors imposition of sex offender treatment." Maj. op. at 755. The trial court's discretion, as the majority puts it, is "tightly constrained." *Id.* These observations simply reiterate what the language already expressly states: that sex offender treatment "shall be required." Although the majority upholds the imposition of treatment in this case, its interpretation does not require such treatment. Therefore, I respectfully concur in the judgment only.

Justice MARTINEZ, dissenting:

In the case at hand, the trial court imposed sex offender treatment on the defendant after concluding as a matter of law that section 16–11.7–105, C.R.S. (2007), mandates the imposition of treatment as a condition of probation when a sex offender commits a subse-

---

**1.** *See City of Colo. Springs v. Powell,* 156 P.3d 461, 468 (Colo.2007) (Eid, J., concurring in part and specially concurring in part).

quent offense of any kind. The court of appeals affirmed this ruling, holding that the statute requires trial courts to order treatment as part of every probationary sentence for sex offenders and that the statute does not grant the trial court discretion to determine whether treatment is appropriate. *People v. Hernandez*, 160 P.3d 263, 265 (Colo.App.2007). The role of this court is therefore to determine whether the statute does indeed mandate the imposition of sex offender treatment. In my view, the trial court does retain discretion to determine whether to impose treatment. I agree that the trial court's discretion is narrow because any determination must be made based on the assessments and recommendations of the sex offender management board's standardized evaluation. Furthermore, the trial court's discretion must be exercised in light of the General Assembly's intent that these statutes be implemented to curtail recidivistic behavior and enhance victim safety, with the recognition that sex offenders are extremely habituated. *See* §§ 16–11.7–101, –103(4)(a), C.R.S. (2007). Nonetheless, we should remand this case for the trial court to decide whether treatment is appropriate. In contrast, the majority appears to hold that the trial court has discretion in some cases, but is mandated to impose treatment in other cases. The majority further finds that under the facts of this case, the trial court was mandated to impose treatment. In addition to disagreeing with the majority's analysis, I would note that it is both inappropriate and unnecessary for this court to address whether the trial court should have imposed treatment under the facts of this case. Rather, the appropriate principle of review requires this court to remand the matter to allow the court to exercise its discretion. Furthermore, instead of addressing what constitutes abuse of discretion, I would merely explain that based on my interpretation of the statute, the trial court's discretion regarding the imposition of treatment is bound by narrow parameters. Consequently, I respectfully dissent.

On review of the record, it is clear that the trial court specifically and purposefully based its order to impose sex offender treatment on its legal conclusion that the statute mandated treatment. At sentencing, following lengthy arguments by both defense counsel and the prosecution on whether treatment was mandated by the statute, the court stated, "I'm making a specific finding that it's not as a matter of my discretion in this case, instead, I feel [the imposition of sex offender treatment is] mandatory." The court emphasized its intent to leave the resolution of whether treatment was statutorily mandated to the appellate process, stating:

[T]hat will be my sentence and we'll see what happens. I think it will be nice to have some sort of guidance. This is one of those classic cases where [the sex offense] happened so long ago, successfully completed probation back there in 1983, as far as I know there hasn't been any re-offense in that time, but *I feel that the Legislature has told me I must do so. Let's find out.*

(Emphasis added). Thus, the trial court concluded as a matter of law that the statute mandated the imposition of treatment.

On review, the court of appeals affirmed the trial court's imposition of treatment and explicitly stated its understanding of the ruling that it affirmed:

The [trial] court ruled that the statute mandated treatment. It noted that defendant's sex offense twenty-two years earlier, the attitude defendant conveyed to the probation officer about that offense, and defendant's continued substance abuse would support the propriety of ordering treatment. However, it stated that, if requiring treatment were a matter within its discretion, *it had not determined whether it would order treatment as an exercise of its discretion.*

*Hernandez*, 160 P.3d at 264 (emphasis added). The court of appeals then stated that "§ 16–11.7–105(1) requires trial courts to order treatment as part of every probationary sentence imposed on sex offenders" and that the statute "does not grant the trial court discretion to determine whether to order treatment or whether treatment is appropriate." *Id.* at 265. Thus, the judgment of the court of appeals was that the trial court correctly held that sex offender treatment was a mandatory condition of probation in this case.

Based on the rulings of the lower courts in this matter, which were premised on the legal conclusion that treatment was statutorily mandated, the role of this court is merely to determine whether treatment is indeed mandated by statute. Nevertheless, the majority appears to interpret the statute as allowing trial court discretion, but applies it in this case as mandating treatment.[1] Specifically, the majority states that when the sex offender evaluation does not support the need for treatment, the trial court retains discretion to not order treatment; on the other hand, when the sex offender evaluation supports the need for treatment, sex offender treatment is mandatory. Maj. op. at 748. The majority further interprets (and simultaneously applies) the statute, stating that under the facts of this case, the trial court had no authority to *not* impose treatment. *Id.* In effect, the majority appears to have confused a review for abuse of discretion with a determination of whether the statute allows discretion. Thus, the majority essentially concludes that it would have been an abuse of discretion to not order treatment for this defendant and therefore that the trial court was mandated to impose treatment in this particular case. In this manner, the majority ignores elementary principles of judicial review and exercises the sentencing authority of the trial court.

Having determined that the trial court does retain discretion regarding the imposition of treatment, the appropriate outcome is to remand the matter for resentencing to permit the trial court to make a discretionary decision. *See Adair v. People,* 651 P.2d 389, 391–92 (Colo.1982) (holding that where the trial court imposed a sentence based on its mistaken belief that a condition was statutorily mandated, when in fact the decision was discretionary, the cause must be remanded for reconsideration of the sentencing issue).

Thus, I would remand the matter to allow the trial court to exercise its discretion, while also explaining that the trial court's discretion is tightly guided by the text of section 16–11.7–105(1) and by a review of the com-

prehensive statutory scheme to create a "Standardized Treatment Program for Sex Offenders." §§ 16–11.7–101 to –108, C.R.S. (2007). Based on the sex offender evaluation developed and implemented by these statutes, the sentencing court must determine whether and to what extent treatment is appropriate. § 16–11.7–105(1). Because the evaluation is intended to assist the trial court in determining the offender's likelihood to reoffend, the court must assess as a matter of its discretion whether the various histories and risk assessments support the need for treatment in light of the legislative finding that sex offenders are "extremely habituated." § 16–11.7–103(4)(a), (c.5). Ultimately, the trial court's discretion must be exercised in furtherance of the General Assembly's intent to curtail recidivism and protect potential future victims. § 16–11.7–101. Although treatment must be tailored to the needs of a particular offender, treatment should not be avoided if a failure to engage in treatment would reduce the safety of victims and potential victims. § 16–11.7–101. If the trial court does decide to order treatment, the specific recommendations of the evaluation provide sufficient guidance on the extent of treatment that is appropriate. In sum, the statutory scheme to create a standardized treatment program for sex offenders guides the trial court's exercise of discretion and favors the imposition of sex offender treatment as a condition of probation.

Because I disagree with the majority's analysis and its decision to address whether the trial court should have exercised its discretion to order treatment based on the facts of this case, I respectfully dissent. I would remand the matter for resentencing consistent with the trial court's statutorily narrow discretion to determine whether treatment is appropriate for a particular offender.

I am authorized to state that Justice BENDER joins in the dissent.

---

**1.** Further, the question of whether treatment should be imposed based on the specific facts of this case was not raised or argued by the parties in the briefs; the parties understood that the

issue was merely whether the court had discretion to determine if treatment was necessary, not whether treatment should have been imposed.