The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jason Scott TUFFO, Defendant–Appellant.

No. 08CA0578.

Colorado Court of Appeals, Div. II.

April 30, 2009.

John W. Suthers, Attorney General, Corina Gerety, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Dana Christiansen, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CONNELLY.

Defendant, Jason Scott Tuffo, pled guilty to misdemeanor sexual assault. The district court found he was a "sexually violent predator" (SVP), subject to lifetime registration and community notification requirements. Defendant argues (1) the SVP statute does not cover misdemeanors and (2) the court's findings were insufficient. We reject the former contention, and hold the SVP statute applies to misdemeanor sexual assaults in violation of section 18–3–402(1)(e), C.R.S. 2008. We agree with the latter, and remand for "specific findings of fact" required by the SVP statute.

## I. Background

Defendant was thirty-four years old when he established a sexual relationship with a sixteen-year-old girl who had moved into his house. He thus was guilty of sexual assault under section 18–3–402(1)(e), which makes it a class one misdemeanor to have sexual relations with a fifteen- or sixteen-year-old where the defendant is at least ten years older than and not married to the victim.

Defendant's guilty plea to misdemeanor sexual assault was part of a global disposition including a guilty plea in another case. The court sentenced defendant to a total of two years in jail.

One issue at sentencing was whether defendant was a "sexually violent predator" within the meaning of § 18–3–414.5(1)(a), C.R.S.2008. If so, he would be subject to lifetime registration and community notification requirements. *See* § 18–3–414.5(2).

Defense counsel stated at the original hearing in July 2007 that he was "not prepared at this time to address" the SVP issue. He said he had no objection to the court's making that "finding for the moment ... until a future hearing can be held." The court said it was "going to make a finding of sexual violent predator at this time," but "will allow" defendant to "file a motion to reconsider" and "before we're finished here, we're going to set a date for review" of the SVP finding. The court and parties then proceeded to other matters. At the close of this hearing, the court scheduled a date for a follow-up hearing to consider a possible probation plan.

The court held several subsequent hearings addressing post-sentencing matters such as when and under what conditions defendant could be released from jail. Defendant challenged the SVP finding at a hearing in February 2008, some seven months after sentencing and right before he was scheduled to be released.

Defense counsel stated without contradiction at the February 2008 hearing that the court at sentencing had allowed "more time" to respond on the SVP issue but the issue had been "delayed" at later hearings when counsel tried to bring it up. Counsel said he was prepared to address the issue if the court was willing to hear arguments. The court responded, "Go right ahead."

Defense counsel then made legal and factual arguments against an SVP finding, and the prosecutor responded. After hearing those arguments, the court stated its prior SVP findings "remain appropriate." It denied defendant's "oral motion" to set aside those findings, and it affirmed the SVP ruling.

## II. Discussion

### A. Timeliness of the SVP Challenge

■ The People contend defendant's SVP challenge is untimely because the ruling was

made in the July 2007 sentencing hearing but defendant appealed only after the February 2008 order denying reconsideration. We disagree under the unusual circumstances of this case, and hold the timely appeal from the February 2008 order allows the SVP ruling to be challenged on appeal.

■ The People correctly note the general rule that a trial court ruling becomes final once the time for appealing it expires. *See People v. Thomas*, 195 P.3d 1162, 1163 (Colo.App.2008). But, like many general rules, there are exceptions. As the People concede, a proper and timely motion for reconsideration suspends the order's finality such that the full time for appealing begins to run only when reconsideration is denied. *See People v. Powers*, 47 P.3d 686, 689 (Colo. 2002). *Powers* held that, where Colorado criminal rules do not expressly provide for reconsideration, a reconsideration motion is timely as long as it is filed within the normal time for taking an appeal. *Id.*

Colorado procedural rules do not expressly provide for motions to reconsider SVP rulings. The normal time for appealing a criminal sentence is forty-five days. *See* C.A.R. 4(b). This appellate challenge thus would be timely under *Powers* if reconsideration was sought within forty-five days of the July 2007 sentence.

Here, we conclude the court effectively allowed an oral motion to reconsider the SVP ruling to be made at the July 2007 sentencing but heard at some later date. Significantly, neither the court nor the prosecutor objected to defense counsel's raising SVP objections at the February 2008 hearing. Based on this record, the "oral motion" argued and denied at that later hearing seems best construed as having first been raised at the sentencing hearing.

The procedure followed here on the SVP ruling is certainly not a model one. But we decline to hold under these unusual circumstances that defendant has forfeited his SVP challenge. Significantly, because the February 2008 hearing occurred some seven months after sentencing, defendant still could have raised an appropriate collateral challenge to his misdemeanor sentence under the

eighteen-month deadline of Crim. P. 35(c)(3). *See* § 16–5–402(1), C.R.S.2008.

B. Merits of the SVP Challenge

1. The Applicability to Misdemeanor Sexual Assault

■ Defendant contends an SVP designation can apply only to felony sex offenses, not to his misdemeanor sexual assault offense. We review this issue of statutory construction de novo. *Alvarado v. People*, 132 P.3d 1205, 1207 (Colo.2006).

The statutory text is always our starting point. *People v. Cross*, 127 P.3d 71, 73 (Colo. 2006). And sometimes it may be our ending point, because where the text "is plain and clear, we must apply the statute as written." *In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo.2004).

The SVP statute clearly covers defendant's offense by including among its enumerated crimes "[s]exual assault, in violation of section 18–3–402." § 18–3–414.5(1)(a)(II)(A). Defendant's offense was sexual assault in violation of section 18–3–402(1)(e). There is no basis for concluding the legislature intended to exclude section 18–3–402(1)(e) misdemeanor sexual assaults from the SVP statute.

Defendant relies not on the statutory text or even its legislative history, but on a 2003 "Handbook" prepared in consultation with the Colorado Sex Offender Management Board (SOMB). Colorado SOMB, *Handbook: Sexually Violent Predator Assessment Screening Instrument for Felons: Background and Instruction* (June 2003), *available at* http://dcj.state.co.us/ors/pdf/docs/FinalSVP.pdf (last visited Apr. 28, 2009). This handbook stated an SVP assessment screening form "should be completed *only* on individuals convicted of *felonies.*" *Id.* at 12. The 2008 handbook eliminated this statement. Colorado SOMB, *Handbook: Sexually Violent Predator Assessment Screening Instrument: Background and Instruction* (Jan.2008) ("2008 SOMB Handbook"), *available at* http://dcj.state.co.us/ors/pdf/docs/Final–1–30–2008–SVPHandbook.pdf (last visited Apr. 28, 2009).

Because the SVP statute plainly covers misdemeanor sexual assault, we need not

consider any agency views. *See Colorado State Personnel Board v. Department of Corrections,* 988 P.2d 1147, 1150 (Colo.1999) (deference to agency may be appropriate "when the statute may be given more than one reasonable interpretation" but "[i]f the statutory language is clear, we apply it as written"). In any event, the 2003 handbook has no persuasive value on this issue because it is bereft of analysis. *Cf. Arapahoe County Public Airport Auth. v. Centennial Express Airlines, Inc.,* 956 P.2d 587, 592 (Colo.1998) (agency opinion letter did "not require deference" where it was "brief" and contained "no [relevant] analysis").

■ Defendant also argues that applying the new handbook to a pre–2008 misdemeanor sexual assault would be an ex post facto violation under U.S. Constitution Article I, Section 10, and Colorado Constitution Article II, section 11. This argument fails for two reasons. First, defendant has not been disadvantaged by "any law 'passed after the fact,'" *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990): it is the SVP statute that is being applied to defendant, and (regardless of what any administrative handbook stated) that statute clearly covered his misdemeanor sexual assault at the time he committed the crime. Second, the registration and notification requirements established in the SVP statute are intended to protect the community rather than punish the offender. *See People v. Rowland,* 207 P.3d 890 (Colo.App.2009). Registration and notification requirements in sexual offender laws of this type do not violate the ex post facto restriction even where (unlike here) they are applied retroactively to offenders. *See Smith v. Doe,* 538 U.S. 84, 92–106, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Jamison v. People,* 988 P.2d 177, 180 (Colo.App.1999), *discussed in People v. Stead,* 66 P.3d 117, 120 (Colo.App.2002).

### 2. The Allegedly Insufficient Findings

Defendant also contends the court made insufficient findings. We review factual findings for clear error, but "review de novo the question of whether [those] findings are sufficient to support [a] legal conclusion that defendant is a sexually violent predator within the meaning of the statute." *People v. Tixier,* 207 P.3d 844, 849 (Colo.App.2008).

#### a. Background

The applicability of SVP requirements to adult offenders convicted of an enumerated offense turns on whether: (1) the "victim was a stranger to the offender or a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization"; and (2) "based upon the results of a risk assessment screening instrument" the offender "is likely to subsequently commit" another such offense under those circumstances. § 18–3–414.5(1)(a)(III)–(IV). The trial "court shall make specific findings of fact and enter an order concerning whether the defendant is a sexually violent predator." § 18–3–414.5(2).

The risk assessment form concluded defendant was an SVP because he: (1) established or promoted the relationship primarily for the purpose of sexual victimization; and (2) met four of ten items on the SOMB "Sex Offender Risk Scale." Defendant disputed both points. As to the latter, he concededly met three items (a juvenile felony adjudication, a prior adult felony conviction, and less than full-time employment) but denied the requisite fourth item. The fourth item checked on the form was that defendant "failed first or second grade" (with a circle indicating he had failed first grade).

Whether defendant was an SVP thus turned on whether he failed first grade. Nothing in the record explains why this can make someone a "sexually violent predator"; apparently, the item was created based on studies suggesting that early school failures are "very strong predictors of future criminality." *See* 2008 SOMB Handbook at 66. The form states: "Whatever the reason, if the offender failed [either of] these grades in elementary school, and was held back or repeated the grade, this item scores 'yes.' Probation Officers may need to work closely with the SOMB evaluator and polygraph examiner to obtain this information."

Nothing in the form or the presentence report states a factual basis for concluding defendant failed first grade. At the final

hearing, defense counsel stated defendant's parents denied defendant had failed first grade. According to defense counsel, defendant was tested in first grade and then moved to a "special education sort of classroom," but successfully completed the grade in the special class. Counsel added he had attempted to obtain defendant's school records from Massachusetts but learned the records no longer existed.

The prosecutor did not dispute defense counsel's contention regarding defendant's timely completion of first grade. Instead, she stated (incorrectly, as the People now concede on appeal) that the issue did not matter because the SVP finding could be based on three rather than four of the ten items.

The court never discussed whether defendant had failed or passed first grade. At the final hearing, it simply re-adopted the original findings on the SVP issue. Those original findings contained no detail; instead, the court had simply stated it was "going to make a finding of sexual violent predator at this time."

b. Statutory and Due Process Requirements

The SVP statute requires trial courts to make "specific findings of fact" on whether a defendant is a sexually violent predator. § 18–3–414.5(2). Apart from requiring the probation department to coordinate with a psychological evaluator to complete an SVP risk assessment, *id.*, the statute does not mandate specific procedures that must precede the requisite findings. It simply requires that the judicial findings be "[b]ased on results of the assessment." *Id.* More general "statutory and rule provisions require a defendant to be given a reasonable opportunity prior to the imposition of sentence to correct or supplement the information contained [in a presentence report] and to rebut sentencing recommendations based thereon." *People v. Wright*, 672 P.2d 518, 521 (Colo.1983) (referring to § 16–11–102(5), C.R.S.2008, and Crim. P. 32(b) ).

■ Because the SVP statute is protective rather than punitive, the underlying facts need not be proved to a jury beyond a reasonable doubt. *Rowland*, 207 P.3d at 892–95. Courts resolving sentencing matters may rely on uncontroverted facts set forth in a presentence report. *Wolford v. People*, 178 Colo. 203, 208, 496 P.2d 1011, 1013 (1972); *People v. Powell*, 748 P.2d 1355, 1358 (Colo. App.1987). And even where a defendant challenges facts in a presentence report, "the prosecution is not required to prove the sentencing factors by the same quality of evidence required in a guilt trial on the merits of the case." *People v. Padilla*, 907 P.2d 601, 609 (Colo.1995). For example, hearsay is allowed and there is no right of confrontation at sentencing. *See id.*

■ The ultimate limits on SVP evidence, like other issues decided at sentencing, are those imposed by due process. Due process precludes sentencing a defendant based on "misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *see People v. Newman*, 91 P.3d 369, 372 (Colo.2004) (citing *Tucker* and *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). Stated affirmatively, "due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations." *United States v. England*, 555 F.3d 616, 622 (7th Cir.2009). Specific facts relied on to impose a sentence generally satisfy due process if they are proved by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 156, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

c. Application to this Case

■ The SVP determination here did not satisfy statutory and due process requirements. The court never made specific findings on either of the contested issues, including whether defendant had failed first grade. Its general finding that defendant was an SVP failed to comply with the statutory requirement of "specific findings of fact," § 18–3–414.5(2). And the evidence on the first grade issue was not developed sufficiently to satisfy due process.

We accordingly must remand the case for specific findings on the contested factual is-

sues underlying the SVP conclusion. *See People v. Woellhaf,* 87 P.3d 142, 153 (Colo. App.2003) (remanding for specific findings of fact on one of the SVP requirements), *rev'd on other grounds,* 105 P.3d 209 (Colo.2005). More general findings might suffice, or the lack of specific findings might be harmless under Crim. P. 52(a), if the evidence supporting an SVP conclusion were ample. *See, e.g., People v. Cook,* 197 P.3d 269, 281 (Colo.App. 2008); *Tixier,* 207 P.3d at 848–49. That is not the case here, however, at least with respect to defendant's having failed first grade.

The only "evidence" defendant failed first grade was a line in the assessment form. The prosecutor never tried to support this statement and defense counsel specifically disputed it, offering a plausible explanation of defendant's first grade experience. If this explanation was correct, defendant would not (in the words of the SOMB assessment form) have "failed" and been "held back" in or had to "repeat" first grade.

Due process does not impose rigid requirements on courts making SVP findings. There is, for example, no absolute entitlement to evidentiary hearings in SVP cases, though trial courts in their discretion may conclude such a hearing is warranted. *See Rowland,* 207 P.3d at 894–95 (discussing *People v. Stead,* 66 P.3d at 119, 123). But where so consequential a determination turns on whether or not a defendant failed first grade, there must be some better support than an unexplained, unsourced, and disputed statement in a presentence assessment form. The trial court here did not specifically find, and on this record could not properly have found, that defendant failed first grade.

### III. Conclusion

Defendant's misdemeanor offense rendered him legally eligible for SVP designation but the sentencing record was insufficient to support the ultimate conclusion. The case is remanded for the court to make specific factual findings, following procedures consistent with due process, regarding whether defendant is a sexually violent predator.

The order is vacated, and the case is remanded as directed.

Judge CASEBOLT and Judge ROY concur.