The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James Henry HUNTER, Defendant–
Appellant.

No. 08CA0316.

Colorado Court of Appeals.

Dec. 24, 2009.

Rehearing Denied Feb. 2, 2010.*

John W. Suthers, Attorney General, Rhonda L. White, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge RICHMAN.

Defendant, James Henry Hunter, appeals the trial court's order finding that he meets the criteria of a sexually violent predator

(SVP) under section 18–3–414.5, C.R.S.2009. We reverse.

I.  Background and Procedural History

According to the prosecution's evidence at trial, defendant, while wearing a sock over his face to conceal his identity, broke into his neighbor's home and sexually assaulted her and her daughter. A jury convicted defendant of second degree burglary, sexual assault, sexual assault on a child, and a crime of violence.  At sentencing, the court found that defendant met each of the criteria of an SVP as provided in section 18–3–414.5(1)(a), C.R.S.2009, and noted that classification on the mittimus.

On direct appeal, a division of this court affirmed defendant's conviction and sentence. *People v. Hunter*, 2007 WL 611882, (Colo. App. No. 04CA0699, Mar. 1, 2007) (not published pursuant to C.A.R. 35(f)) *(Hunter I)*. With respect to the trial court's finding that defendant is an SVP, the division concluded that defendant met the age and offense criteria under the statute and that he had waived the requirement that he receive a presentence report, which would have included a risk assessment screening instrument (RASI) assessing the likelihood he would commit another sexual assault.  However, the division remanded the case because the trial court had not made specific findings as to whether either victim was a stranger to defendant or whether defendant had established or promoted a relationship with either victim primarily for the purpose of sexual victimization as required by section 18–3–414.5(2), C.R.S. 2009.

On remand, defendant contended that (1) based on the evidence at trial, he and the victims were not strangers and (2) in the absence of a RASI, there was no basis to conclude that he was likely to commit another sexual assault.  The trial court did not further address the latter issue, noting that the *Hunter I* division had concluded that defendant waived his right to receive a presentence report, which would have included a RASI. It went on to find that for the purpose of sentencing under the SVP statute, defendant was a "stranger" to the victims because

* Casebolt, J., would grant.

while the assaults were occurring neither victim was aware that the perpetrator was their neighbor. This appeal followed.

## II. Analysis

On appeal, defendant does not raise any claim regarding the absence of a RASI. Rather, he contends only that the trial court erred in finding that he fit the definition of an SVP because the victims knew him as their neighbor, and therefore he was not a stranger under the statutory definition. Under the circumstances of this case, we agree.

To be found an SVP, an offender must satisfy four criteria. § 18–3–414.5(1)(a). Only the third element is relevant to this appeal: " 'Sexually violent predator' means an offender ... [w]hose victim was a stranger to the offender or a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization." § 18–3–414.5(1)(a)(III), C.R.S. 2009. The statute requires the court to make specific findings of fact and enter an order concerning whether the defendant is an SVP. § 18–3–414.5(2), C.R.S.2009. This determination involves a mixed question of law and fact. *People v. Cook*, 197 P.3d 269, 280 (Colo.App.2008). We defer to the trial court's findings of fact and will disturb them only where there is clear error. *People v. Gallegos*, 240 P.3d 882, 885 (Colo.App. No. 07CA2373, Sept. 17, 2009). We review de novo whether the court's findings of fact are sufficient to support the determination that an offender is an SVP, as well as the meaning of section 18–3–414.5(1)(a)(III) because it presents a question of law. *Id.; People v. Tixier*, 207 P.3d 844, 849 (Colo.App.2008).

Here, the *Hunter I* division specifically directed the trial court to determine "whether either victim was a stranger or whether or not defendant established or promoted a relationship with either victim primarily for the purpose of sexual victimization."

On remand, the trial court found as follows:

I want it to be clear to counsel that the man that came in was a stranger to both of these victims. The fact that they may have known him, or may have met him, or may have been the person next door at the time that this took place and during this entire encounter, as far as they were aware, that was a stranger, that was not a known person.

This case turned on identification. They could not make an identification. The identification was made, I believe, to the satisfaction of this jury based on scientific evidence, and that was the DNA evidence....

... And it is clear that at this time they considered him, and he was not known to them, so he was there as a stranger when the assault started and throughout the assault.

. . . .

So it is clear, could not be more clear to this Court that this Defendant is a sexually violent predator, and if he does not meet the criteria the criteria should be changed.

I find that the prong as required by the court of appeals as to whether the victims were strangers, or whether they established or promoted the relationship, it's clear the victims, both these victims in this case, were strangers and I so find.

Although the prosecution argued on remand that defendant could be found to be an SVP under either prong of the third element, the court found that defendant "was a stranger to both of these victims" during the offense, that "both these victims in this case[ ] were strangers" and that, as a result, the third element was satisfied. Though the evidence may have supported a finding that defendant established or promoted the relationship with either victim primarily for the purpose of sexual victimization, the court did not so find. However, because the record does not support a finding that the victims were *strangers to the offender* as the statute requires, we reverse the trial court's conclusion that defendant meets the statutory definition of an SVP.

The evidence at trial demonstrated that defendant was a neighbor of the victims, occupying a trailer adjacent to theirs for nearly three years while the victims lived there. Defendant helped the mother carry in groceries, and both victims had dinner with defendant in his trailer. Defendant had

a nickname for the mother, and, shortly before the assault, defendant stopped by the victims' trailer to notify them that he and his wife were planning to move to Missouri.

Moreover, in closing argument, the prosecutor told the jury that defendant "knew the victims." Specifically, the prosecutor argued that because defendant knew the victim, her daughter, and their dog, he knew what he would be getting into if he entered their trailer, whereas a stranger might worry about getting shot. In addition, the prosecution argued that the reason defendant wore a mask in the course of the offense was precisely because the victims knew him. Based on the evidence offered at trial and the arguments of the prosecution, we conclude, as suggested in *People v. Tixier*, 207 P.3d at 847, defendant and these victims had a "definable relationship" that precludes a finding that the victims were strangers to defendant.

In reaching its conclusion that defendant was a stranger to the victims because they could not identify him at the time of the attack, the trial court understandably relied on the fact that defendant wore a mask during the attack, thereby making himself a "stranger" to them during the attack, even if they otherwise knew him. Indeed, if we were to apply the common parlance meaning of a "sexual predator" to defendant, we might agree that the acts for which he was convicted were predatory.

However, as noted above, in drafting this statute the General Assembly supplied a precise definition of an SVP as one "[w]hose victim was a stranger to the offender." [1] The dissent argues against a literal interpretation of the statute, contending that it must apply whether the victim was a stranger to the offender or the converse, the offender was a stranger to the victim. However, even if the statute were construed as the dissent suggests, nothing in the statute indicates that the criterion is met when the victim knows the offender, but is unable to identify him, as was the case here. The statute defines an SVP based on the relationship between the offender and the victim, not the manner in which the offense is committed. Under these circumstances, and based on the evidence adduced at trial, we must conclude that defendant does not meet the statutory definition of an SVP.

The court's order is reversed.

Judge CARPARELLI concurs.

Judge CASEBOLT dissents.

Judge CASEBOLT dissenting.

Because I disagree with the majority's interpretation of the SVP statute, I respectfully dissent.

According to the prosecution's evidence at trial, defendant, while wearing a mask or sock over his face to conceal his identity, broke into his neighbor's home, and, for over

1. The General Assembly enacted the sexually violent predator statute in 1997 in response to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, a federal law requiring states to implement a sex offender and crimes against children registry. Hearing on S.B. 97–84, sec. 10, before the H. Judiciary Comm., 61st Gen. Assemb., 1st Sess. (Apr. 22, 1997). The Jacob Wetterling Act imposes a ten percent reduction in funding to a state's Edward Byrne Memorial State and Local Law Enforcement Assistance Formula Grant Program if the state is noncompliant with the Act. *Id.*

The federal Act requires a state board of experts to assist a sentencing court in determining if an offender is a sexually violent predator. 42 U.S.C. § 14071(a)(2)(A). The federal Act defines a sexually violent predator as "a person who has been convicted of a sexually violent offense and who suffers from a mental abnormality or personality disorder that makes the person likely to

engage in predatory sexually violent offenses." 42 U.S.C. § 14071(a)(3)(C). It identifies a mental abnormality as a condition that predisposes the offender to commit criminal sexual acts to a degree that makes the offender a menace to the health and safety of other persons. 42 U.S.C. § 14071(a)(3)(D). The federal statute defines predatory as "an act directed at a stranger, or a person with whom a relationship has been established or promoted for the primary purpose of victimization." 42 U.S.C. § 14071(a)(3)(E). It directs that an offender who is determined to be a sexually violent predator is to comply with certain registration requirements. 42 U.S.C. § 14071(a)(1)(B).

The Colorado legislature, in adopting the definitions used in section 18–3–414.5(1), elected to define "sexual predator" rather than a "predatory act," and chose to define the sexual predator as one "[w]hose victim was a stranger to the offender." § 18–3–414.5(1)(a)(III).

three hours, sexually assaulted her and her daughter (victims). After his conviction, the trial court found that, for purposes of this assault, defendant was a stranger to the victims because, while the assaults were occurring, neither victim was aware that defendant was the perpetrator.

On appeal, defendant contends that the trial court erred in finding that he fits the definition of a SVP. Specifically, he argues that because *he* knew the victims, they were not strangers. The majority agrees that the statutory criteria have not been met. I disagree with that determination.

As relevant here, under the third prong of section 18–3–414.5(1)(a), C.R.S.2009, a "sexually violent predator" is "an offender ... [w]hose victim was a stranger to the offender." *See People v. Tuffo,* 209 P.3d 1226, 1230 (Colo.App.2009). The majority relies upon the statutory phrasing in concluding that the victims must be strangers to the perpetrator. According to the majority, the SVP statute only applies under those circumstances, but not when the perpetrator is a stranger to the victims. In my view, this interpretation is inconsistent with principles of statutory interpretation.

In interpreting a statute, we must ascertain and effectuate the intent of the legislature. *People v. Weiss,* 133 P.3d 1180, 1184 (Colo.2006). Whenever possible, we must determine the General Assembly's intent from the plain and ordinary meaning of the statutory language. *Woellhaf v. People,* 105 P.3d 209, 215 (Colo.2005). We discern the clarity or ambiguity of the statutory language by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole. *People v. Tixier,* 207 P.3d 844, 847 (Colo.App. 2008). We must read and consider the statute as a whole "to give consistent, harmonious, and sensible effect to all of its parts." *People v. Hernandez,* 160 P.3d 263, 264 (Colo.App.2007) (quoting *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 130 (Colo.2005)), *aff'd,* 176 P.3d 746 (Colo.2008). We presume that the legislature intended the entire statute to be effective. *Tixier,* 207 P.3d at 847. We will not follow a statutory interpretation that leads to an illogical or absurd result. *Frazier v. People,* 90 P.3d 807, 811 (Colo.2004).

Under the majority's interpretation, when an offender does not know his victim or have a "definable relationship" with her, he may be found to be a sexually violent predator, but when the offender knows his victim, he may not. But this interpretation does not give effect to the entire statute. Under the fourth prong of the statute, it is clear that the rationale for the SVP designation is to identify an offender who is likely to subsequently commit another sex offense. What possible reason would the General Assembly have to include perpetrators who do not know their victims but exclude offenders who know their victim, when their victim does not know them?

For example, under the majority's interpretation, if an offender has some information about his victim (because he may have stalked her, or have seen her picture in a yearbook or on a social networking site on the Internet, or otherwise have identified her as a target), he will argue following conviction that he is not a sexually violent predator because he "knew" the victim, even though she did not know him. Under the majority's interpretation, he will likely prevail.

As an additional example, assume that a perpetrator has chosen at random to sexually assault whoever is inside a particular home, without knowing who the victim is. The perpetrator enters the house at night and assaults the victim in the dark. The victim cannot initially identify the perpetrator, but later discovers that he has left an item that identifies him as an acquaintance she knows from work. At the time of the attack, the offender did not know the victim, but following his conviction, he will assert he did. Is he a sexually violent predator under these circumstances? Under the majority's interpretation, he is not.

These examples lead me to conclude that the majority's interpretation yields an anomalous, if not absurd, result, which we should avoid in statutory interpretation. *See Frazier,* 90 P.3d at 811. In my view, the broader context of the statute, *see Tixier,* 207 P.3d at 847, requires that we read "stranger to the

offender" as meaning either the victim is a stranger to the offender or the offender is a stranger to the victim, when analyzed at the time the offense was committed. The danger to the public that the perpetrator may reoffend exists in both settings, and this interpretation gives effect to the entire statute.

The Colorado Sex Offender Management Board (SOMB), the agency responsible for overseeing the evaluation, identification, and treatment of sex offenders, *see* § 16–11.7–103, C.R.S.2009, has developed an SVP assessment screening instrument. Part 2 of the screening instrument addresses the relationship criterion for classifying an offender as an SVP, and states that "the victim is a stranger to the offender when the victim has never known or met the offender, or has met the offender in such a casual manner as to have little or no familiar or personal knowledge of said offender, prior to the current offense." This definition also suffers from deficiencies, because it appears to look at the issue only from the victim's standpoint. The majority's interpretation is deficient because it appears to define the phrase only from the offender's standpoint.

Nevertheless, we should give deference to the SOMB definition, because the SOMB is the agency charged with administering the assessment. *See Coffman v. Colorado Common Cause,* 102 P.3d 999, 1005 (Colo.2004) (a reviewing court must give deference to the reasonable interpretations of the administrative agency authorized to enforce a statute).

Here, on remand, the trial court found:

[T]he man that came in was a stranger to both of these victims. The fact that they may have known him, or may have met him, or may have been the person next door at the time that this took place and during this entire encounter, as far as they were aware, that was a stranger, that was not a known person.

This case turned on identification. They could not make an identification. The identification was made, I believe, to the satisfaction of this jury based on scientific evidence, and that was the DNA evidence from I think it was only one or two, just a very, very slim hair that was found in the bed and on the floor.... And it is clear

that at this time they considered him, and he was not known to them, so he was there as a stranger when the assault started and throughout the assault.... I find that the prong as required by the court of appeals as to whether the victims were strangers, or whether they established or promoted the relationship, it's clear the victims, both these victims in this case, were strangers and I so find.

Applying either my definition, which would look at "stranger to the offender" from both the offender's and the victim's standpoint, or the SOMB definition, I perceive no error in the trial court's determination. The court found that although the victims may have met defendant previously, they did not know it was him when he was perpetrating the assaults, they could not identify him, and the only evidence linking defendant to the crime was DNA from hair left at the scene. Those findings are supported by the record. Therefore, I agree with the trial court that defendant was a stranger to them.

This result is not negated by the evidence the prosecution presented at trial, or by the prosecutor's closing argument at trial that defendant knew the victims. First, nothing in the statute indicates that in making its SVP determination, the trial court is bound by what the prosecutor argues. Second, the trial court makes its findings posttrial, and the evidence provided for conviction is not necessarily the evidence needed to make an SVP determination. Third, the court's findings here are consistent with the SOMB's definition.

Accordingly, because I conclude that defendant meets the criteria necessary to be a sexually violent predator, I respectfully dissent.