2012 COA 216M

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jeffrey Denton BROSH, Defendant– Appellant.**

**No. 11CA1586.**

Colorado Court of Appeals, Div. V.

Dec. 27, 2012.

As Modified on Denial of Rehearing Jan. 24, 2013.

John W. Suthers, Attorney General, Majid Yazdi, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Philip A. Cherner, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge FOX.

¶ 1 Defendant, Jeffrey Denton Brosh, appeals the trial court's order denying his Crim. P. 35(b) motion. We affirm.

## I. Background

¶ 2 Brosh was charged with multiple counts arising from incidents in which he sexually assaulted and provided alcohol to a twelve-year-old victim. Brosh pled guilty to one count of sexual assault on a child by one in a position of trust in exchange for dismissal of the other charges. The trial court sentenced Brosh to an indeterminate term of four years to life in the Department of Corrections.

¶ 3 After a hearing, the trial court designated Brosh a sexually violent predator (SVP) under section 18–3–414.5, C.R.S.2012. On direct appeal, this court affirmed the trial court's SVP designation. *People v. Brosh,* 251 P.3d 456, 460–61 (Colo.App.2010) (*Brosh I*).

¶ 4 While the direct appeal from the SVP designation was pending, Brosh filed a Crim. P. 35(b) motion, but requested that the court withhold its ruling for one year. The trial court entered a minute order noting that it lacked jurisdiction, and that it would address the Crim. P. 35(b) motion when it had jurisdiction. Following remand from the direct appeal, the trial court requested that Brosh supplement his Crim. P. 35(b) motion. Brosh's supplemental motion sought recon-

sideration of his sentence and SVP designation.

¶ 5 The trial court denied the Crim. P. 35(b) motion, explaining that it could not reconsider the SVP designation because it was not part of Brosh's sentence. Brosh appeals on grounds that the trial court erred by (1) concluding that it lacked authority to address the SVP designation; (2) failing to recognize that it had authority under Crim. P. 35(b) to order a new SVP evaluation; and (3) applying incorrect legal standards.

## II. Standard of Review

¶ 6 Brosh's appeal requires us to review the trial court's interpretation of Crim. P. 35(b). Interpretation of the criminal rules of procedure presents a question of law, which we review de novo. *People v. Romero*, 197 P.3d 302, 305 (Colo.App.2008).

## III. SVP Designation

¶ 7 Brosh contends that the trial court should have reconsidered the SVP designation under Crim. P. 35(b) because it is part of his sentence. We disagree.

¶ 8 The purpose of Crim. P. 35(b) is to permit a court to reconsider a previously imposed sentence. *See People v. Fuqua*, 764 P.2d 56, 60 (Colo.1988); *People v. Olivas*, 911 P.2d 675, 677 (Colo.App.1995).

¶ 9 All sex offenders in Colorado are required to register pursuant to the Colorado Sex Offender Registration Act. §§ 16–22–101 to –115, C.R.S.2012. A sex offender designated as an SVP, however, is subject to more stringent registration requirements, including lifetime registration and automatic listing on the state's website. *See* § 16–22–108, C.R.S.2012 (registration requirements); § 16–22–111, C.R.S.2012 (website listing requirements).[1] "Sex offender registration is not an element of a defendant's sentence, and the purpose of registration is not to punish the defendant, but to protect the community and to aid law enforcement officials in investigating future sex crimes." *People v. Carbajal*, 2012 COA 107, ¶ 37, — P.3d —, 2012 WL 2581023; *see People v. Rowland*, 207 P.3d 890, 892–93, 895 (Colo.App.2009);

*Fendley v. People*, 107 P.3d 1122, 1125 (Colo. App.2004); *People v. Stead*, 66 P.3d 117, 120 (Colo.App.2002); *see also Brosh I*, 251 P.3d at 460 ("The SVP statute is protective, not punitive ...."); *see also* § 16–13–901, C.R.S. 2012.

¶ 10 The trial court makes findings of fact regarding SVP criteria. *See Brosh I*, 251 P.3d at 460. Those findings either support or do not support a determination of SVP. *Id.* We review the findings for clear error, and determine whether those findings are sufficient, as a matter of law, to support a finding of SVP. *Id.* Thus, review of an SVP designation is ultimately an issue of law, and, unlike the determination of a sentence within the sentencing range, not discretionary. *See People v. Dunlap*, 36 P.3d 778, 781 (Colo. 2001) (explaining that a motion for a reduction of sentence is addressed purely to the discretion of the trial court). Accordingly, discretionary reconsideration of an SVP designation by the trial court, under Crim. P. 35(b), is not available.

¶ 11 Brosh cites *People v. Tuffo*, 209 P.3d 1226 (Colo.App.2009), to support his position that an SVP designation is subject to reconsideration. There, the sentencing court permitted the defendant to file a motion to reconsider the court's SVP finding because the defendant was unprepared to address the issue at the original sentencing hearing. *Id.* at 1228. At a second hearing seven months later, the sentencing court reconsidered its SVP finding in light of the defendant's factual and legal arguments. *Id.* The court affirmed its SVP designation, and the defendant directly appealed. *Id.* Despite the trial court's language that it would "reconsider" its ruling, it effectively continued the issue because it considered the defendant's arguments for the first time at the second hearing. *Id.*

¶ 12 In assessing the timeliness of the defendant's appeal, a division of this court noted that the "Colorado procedural rules do not expressly provide for motions to reconsider SVP rulings." *Id.* at 1229. Nonetheless, under "the unusual circumstances of

---

1. A portion of the indeterminate sentencing provisions for a certain class of sex offenders designated as SVPs, namely section 18–1.3–1004(4), was repealed effective June 7, 2012. *See* Ch. 268, sec. 14, 2012 Colo. Sess. Laws 1397–98.

th[e] case," the division declined to hold that the "defendant ha[d] forfeited his SVP challenge." *Id.* The division ultimately vacated the SVP designation and remanded for specific factual findings on contested factual issues. *Id.* at 1231–32.

¶ 13 The *Tuffo* division did not hold that a defendant can use Crim. P. 35(b) to lodge a collateral attack on an SVP designation. *Id.* Indeed, the division disapproved of the sentencing court's decision to reconsider, explaining that the "procedure followed here on the SVP ruling is certainly not a model one." *Id.* at 1229. Unlike the defendant in *Tuffo*, Brosh has already directly appealed the SVP designation, and a division of this court considered and rejected his arguments. *See Brosh I*, 251 P.3d at 461–62 (affirming the SVP designation).

¶ 14 Because sex offender registration is not part of a sentence, the trial court cannot reconsider Brosh's SVP designation under Crim. P. 35(b). *See Carbajal*, ¶ 37; *Rowland*, 207 P.3d at 892–93.

## IV. SVP Re–Evaluation

¶ 15 Brosh contends that the trial court erred in failing to recognize it had authority under Crim. P. 35(b) to order a new SVP evaluation. We disagree.

¶ 16 Even if we assume, without deciding, that Brosh preserved this issue, Brosh cites no authority to support his position that a trial court can, sua sponte, order a new SVP evaluation after the designation has been affirmed on direct appeal. Instead, Brosh argues that the court would not designate him an SVP if he were rescreened under different evaluation standards. His argument is irrelevant to the question of whether the court has the ability to authorize a new evaluation under Crim. P. 35(b). Absent any supporting authority for Brosh's position, we reject his contention. *See People v. Saiz*, 923 P.2d 197, 205 (Colo.App.1995) (rejecting a defendant's contention that had no supporting authority).

## V. Crim. P. 35(b) Legal Standard

¶ 17 Brosh contends that the trial court applied an incorrect legal standard when it determined that it could not grant his Crim. P. 35(b) motion without infringing on the executive branch's authority. We disagree.

¶ 18 The court expressly recognized its authority to reconsider Brosh's DOC sentence—separate from his SVP designation—under Crim. P. 35(b). Relying on relevant law, the court explained that, "[it] must consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was imposed." *People v. Ellis*, 873 P.2d 22, 23 (Colo.App. 1993).

¶ 19 The court addressed Brosh's argument that he was entitled to a reduced sentence because of his progress in the sex offender treatment program and his sobriety while incarcerated. In rejecting the argument, the court appropriately relied on *People v. Piotrowski*, 855 P.2d 1 (Colo.App.1992), which holds that a trial court cannot modify a sentence based solely on evidence of the defendant's conduct during incarceration.[2] *Id.* at 2.

¶ 20 To the extent that the court noted that its authority does not extend to changing or usurping the laws about parole eligibility for sex offenders, it did not err. The court appropriately noted those limitations on its authority when it declined to consider Brosh's position that "the prospects for sex offenders to be paroled are bleak."

¶ 21 Accordingly, the court did not misapply the law in denying Brosh's Rule 35(b) motion.

¶ 22 The order is affirmed.

Judge CARPARELLI and Judge MILLER concur.

---

2. However, a trial court is free to consider an inmate's "exemplary conduct while incarcerated" in addressing a Rule 35(b) motion. *Ghrist v.*

*People*, 897 P.2d 809, 813 (Colo.1995); *see also Mamula v. People*, 847 P.2d 1135, 1137 (Colo. 1993).